IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHRYN C. LAWRENCE and ROGER )
LAWRENCE, her husband, )
    Plaintiffs, )
)
v. ) Civil Action No. 07-1150
)
WAL-MART STORES EAST, L.P., )
    Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.                                                June 23, 2008

Plaintiffs filed a civil complaint alleging negligence. For the reasons set forth below, in accordance with Fed.R.Civ.P. 41(b), the complaint will be dismissed for plaintiff's failure to prosecute.

I.     BACKGROUND

Plaintiffs originally filed their complaint in the Court of Common Pleas of Washington County, Pennsylvania. On August 21, 2007, defendant removed the action to this court [Doc. No. 1]. Plaintiffs' counsel, Charles Bell and Bryan Pizzi, filed a motion to withdraw their appearance [Doc. No. 8] in October, 2007. The court granted the motion [Doc. No. 9]. The court also ordered plaintiffs to secure new counsel by November 11, 2007, or the court would accept that they would be proceeding pro se [Doc. No. 9].

At a status conference on November 20, 2007, Attorney Jason Taylor appeared on behalf of plaintiffs. The court ordered Attorney Taylor to enter his appearance and respond to defendant's discovery by December 13, 2007 [Doc. No. 10]. Mr. Taylor failed to do either. Having received no response to its discovery requests, defendant filed a motion for sanctions [Doc. No. 12] in January of 2008. The court then ordered plaintiffs to show cause why the motion for sanctions should not be granted. [Doc. No. 14]. Plaintiffs, acting pro se, filed a response to the court's show cause order [Doc. No. 15]. Although plaintiffs response was inadequate, the court denied defendant's motion without prejudice but ordered plaintiffs to give full and complete discovery responses to defendant's discovery requests before February 23, 2008 [Doc. No. 16]. On March 19, 2008, defendant filed a motion for extension of time to complete discovery because plaintiffs had not responded to its discovery requests [Doc. No. 17].

A post-discovery status conference was scheduled for June 20, 2008. Plaintiffs failed to appear at the status conference. Defendant orally moved to dismiss the case for failure to prosecute [Doc. No. 24]. For the reasons set forth below, the court granted defendant's motion and dismissed the action for failure to prosecute.

2

II. DISCUSSION

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the court of appeals established guidelines to determine whether to dismiss an action for a litigant's failure to prosecute. The court must take into consideration: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to comply with scheduling orders and to respond to discovery; 3) the history of delay; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the availability and effectiveness of alternative sanctions; and 6) the merit of the claim or defense. Id. at 868. With the foregoing factors in mind, the court turns to the circumstances of this case.

1) The extent of the party's personal responsibility.

This clearly is not a case where a party's rights are being sacrificed because their attorney is in contempt of a court order. Plaintiffs are acting pro se and are directly responsible for the consequences of any action or, in this case, inaction in this litigation. This court has repeatedly advised plaintiffs that their failure to secure or retain counsel will result in the court concluding that they are personally undertaking the responsibility to litigate this matter. See Doc. Nos. 9, 14, and

3

16. Thus, plaintiffs here are directly responsible for the consequences of their lack of responsiveness and inaction in this litigation.

2) <u>Prejudice to the adversary</u>.

Because plaintiffs seek damages from defendant, if plaintiffs never prosecutes this case, defendant indirectly prevails. Yet, defendant, like all parties, has a greater interest in having litigation brought to an end. Defendant is prejudiced by the uncertainty, expense and inconvenience that are inherent when a case such as this extends indefinitely.

Further, defendant has "encountered a lack of cooperation from the plaintiff[s] in areas where the plaintiff[s] should cooperate under the spirit of the federal procedural rules." Poulis, 747 F.2d at 868. For example, because plaintiffs failed to respond to defendant's discovery requests, defendant filed a motion for sanctions [Doc. No. 12] and a motion to extend discovery [Doc. No. 17]. Plaintiffs' failure to comply with their discovery obligations has prejudiced defendant.

3) <u>A history of dilatoriness</u>.

We fail to see where plaintiffs have taken any substantial action to prosecute this case. Indeed, the record

reflects a history of dilatory conduct from the time plaintiffs' counsel withdrew their appearance. Plaintiffs failed to timely and fully answer defendant's discovery requests, resulting in a motion for sanctions, an order to show cause, and a motion to extend discovery. [Doc. Nos. 12, 14, and 17]. Plaintiffs dilatory conduct is further evidenced by their failure to appear at the post-discovery status conference.

4) <u>Whether plaintiffs' conduct was willful.</u>

Because plaintiffs failed to appear for a status conference and in light of their history of dilatoriness during the discovery period, we can only presume that they have abandoned this action.

5) <u>Alternative sanctions.</u>

Generally, the most effective sanction that can be levied against a party or their attorney is the imposition of the costs incurred by the adversary. However, because plaintiffs are proceeding <u>pro se</u> and are apparently unable to retain an attorney, the threat of monetary sanctions is, as a practical matter, nonexistent. Additionally, because neither plaintiff is an attorney, the court is unable to impose disciplinary action against them. Thus, the court finds that dismissal is the only effective sanction that can be imposed here.

6) <u>Merits of the claim</u>.

Upon review of the record as a whole, the court concludes that plaintiffs' likelihood of succeeding on the merits is slight.

III. <u>CONCLUSION</u>

Upon consideration of all the above factors, the court finds that they weigh in favor of dismissing the complaint. Thus, the complaint will be dismissed for plaintiffs' failure to prosecute. The appropriate order follows.

BY THE COURT:

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHRYN C. LAWRENCE and ROGER LAWRENCE, her husband,<br>    Plaintiffs,<br><br>    v.<br><br>WAL-MART STORES EAST, L.P.,<br>    Defendant. | Civil Action No. 07-1150 |

## ORDER

AND NOW, this 23rd day of June, 2008, IT IS HEREBY ORDERED that this action is DISMISSED. The Clerk of Court is directed to mark the case closed.

BY THE COURT:

_____, J.

cc: All parties of record